HIETT vs. THE CHEROKEE RAILROAD.

Where the evidence in a case was very slight and would scarcely au-
thorize a verdict for the plaintiff, the great preponderance of it
being in favor of the defendant, this court will not interfere with
the superior court in granting a second new trial, although two
verdicts have been rendered for the plaintiff.

December 21, 1886.

New Trial. Before Judge BROWN. Polk Superior Court.
February Term, 1886.

J. I. Hiett brought suit against the Cherokee Railroad
Company for damages, alleging that the defendant had,
by the negligent running of its train, struck and killed a
mare belonging to the plaintiff, worth $225; that the ani-
mal had recently dropped a colt; that additional care and
trouble were required in attempting to raise the colt with-
out its mother; and that from her loss it died.   By amend-
ment, it was alleged that the overseer, section-boss or mas-
ter did not make a report of the killing, with the marks
on the animal, etc.; that plaintiff claimed double her
value; and that this official was insolvent.

The jury found for the plaintiff $180.   The defendant
moved for a new trial, which was granted.   On the second
trial, the evidence for the plaintiff was to the effect that
the mare was seen near the track just before the train of
the defendant passed; that immediately after the train
passed, she was seen lying beside the track with one foot
on the rail, with various injuries, from the effect of which
she died; that the tracks indicated that she had gotten on
the track and run in front of the engine some twenty or
twenty-five yards, then entering the mouth of a cut in
which she was found lying; that she was worth $150 to
$200; that she had recently dropped a colt, the value of
which was decreased $10 to $25 by the loss of its mother;
and that it died shortly afterwards.   The overseer was in-
solvent.   One witness testified that she saw the mare and

the engine from the time they were about two hundred yards apart until they were near together; that the mare was on one side of the track and the witness on the other and about one hundred yards distant; and that "just as the mare got upon the railroad, the train being about one hundred yards from the mare," the train ran between the mare and the witness, and the latter lost sight of the former. Another witness testified that the train did not whistle or slacken its speed. The overseer testified that he made no report of the killing of the mare because the engineer gave him notice that the train did not do the killing.

On behalf of the defendant, the engineer, fireman and other employés testified that the train did not kill the mare; that they would have seen her and felt the jar if she had been struck; that the place where she was alleged to have been killed was in a cut; that the fence at the top of the cut had the appearance of being broken as if something had fallen through it; and that the speed of the train had been slackened and was not then over five or six miles an hour.

The plaintiff introduced testimony to show that there were no indications that the mare had been hurt by a fall.

The jury found for the plaintiff $150. The defendant moved for a new trial on several grounds, including those that the verdict was contrary to law and evidence and the charge of the court; that the court erred in allowing the plaintiff to testify how much the colt was injured by the loss of its mother; and that the court charged that if the jury found for the plaintiff, they might add to the value of the mare the amount the colt was injured by her loss.

The motion was sustained, and the plaintiff excepted.

BLANCE & NOYES, for plaintiff in error.

IVY F. THOMPSON, for defendant.

BLANDFORD, Justice.

The plaintiff in error has recovered two verdicts against defendant, and he insists that the court had no discretion to grant the second new trial. The evidence in the case will scarcely authorize a verdict for plaintiff; it is very slight, and the great preponderance is in favor of defendant. Under such circumstances, this court does not feel authorized to interfere with the superior court in making a second grant of a new trial.

Judgment affirmed.